PETER GOULED, PLAINTIFF, v. MICHAEL L. HOLWITZ, DEFENDANT.

Submitted December 2, 1920—Decided April 15, 1921.

1. As a general rule, where a party contracts expressly to do a thing not unlawful the contractor must perform his agreement. and if, by some unforeseen accident, the performance is prevented, he must pay damages for not doing it. And there is no distinction between accidents that could be foreseen when the contract was entered into and those that could not have been foreseen.
2. In contracts in which the performance depends on the continued existence of a given person or thing, a condition is implied that the impossibility of performance arising from the perishing of the person or thing, without the fault of the person against whom the contract is sought to be enforced, shall excuse the performance.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the rule, *McDermott & Enright.*

*Contra, Samuel Harber.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff and defendant entered into an agreement in writing, under date of December 13th, 1918, by the terms of which the former rented to the latter a team of horses, a farm wagon and a set of double harness. They were delivered to the defendant upon the following expressed understanding: "To give board to said horses, free of charge for their care, and for reasonable work, for a period of twelve weeks from above date, and to return said horses and other property upon demand in as good condition as they are at present." During the period

covered by the bailment one of the horses was taken sick. A veterinarian was thereupon sent for by the defendant, who diagnosed the horse's disease as spinal meningitis, and left instructions as to what should be done. These instructions were carried out. A day or two afterwards an agent from the Society for the Prevention of Cruelty to Animals visited the defendant's premises, and, going to a shed where the horse was stabled, shot and killed him over the protest of the defendant. It is admitted that proper care had been taken of the animal by the defendant up to the time he became ill. The plaintiff, conceiving that, under the terms of the contract of bailment, the defendant was not excused from the performance of his agreement to return the horse in good condition, notwithstanding the above-recited facts, instituted the present action to recover its value. The trial judge, concurring in the plaintiff's view of the law, charged the jury that the defendant's agreement to return the horse in good condition was an absolute one, and that consequently he was liable for the value of the horse. The jury thereupon found for the plaintiff and assessed his damages at $350. The determination of this rule depends upon the soundness of the instruction to the jury.

As a general rule, where a party contracts expressly to do a thing not unlawful, the contractor must perform his agreement, and if, by some unforeseen accident, the performance is prevented, he must pay damages for not doing it. And there is no distinction between accidents that could be foreseen when the contract was entered into and those that could not have been foreseen. Where from the result of such an accident one of two innocent persons must sustain a loss, the law casts it upon him who has agreed to sustain it, or, rather, leaves it where the agreement of the parties has put it, and will not insert for the benefit of one of the parties by construction an exception which the parties have, either by design or neglect, omitted to insert in their agreement. *School Trustees* v. *Bennett,* 27 *N. J. L.* 513; *Middlesex Water Co.* v. *Knappmann Whiting Co.,* 64 *Id.* 240. But, as was stated in the case last cited, this general rule is not universally

applicable, and one of the exceptions to it is where the continued existence of something essential to the performance is an implied condition of the contract; and the question, therefore, before us is whether the agreement to return the horse at the end of the term of bailment in as good condition as it was when the plaintiff received it was absolute and, so, within the general rule, or whether its destruction, without the fault of the defendant, before the time of its return to the plaintiff had arrived, brought the case within the exception to the rule and absolved the former from performance. Speaking of a similar contract, Justice Peckham, in the case of *Young* v. *Leary,* 135 *N. Y.* 569, 576, declared that where the contract relates to the hiring for use of the thing hired, and the bailee expressly agrees to redeliver the article hired upon the determination of the term of hiring, there is implied a condition of the continued existence of the thing which is the subject of the contract, and if it perish without any fault of the hirer, so that redelivery becomes impossible, the hirer is excused. That, for instance, if a horse be delivered to one under an express promise to redeliver when demanded and the horse die before the demand, and without fault on the part of the bailee, he is excused. And he concludes with the following statement of the legal rule: "The authorities establish the principle that where from the nature of the contract it appears that the parties must from the beginning have known that it could not have been fulfilled, unless when the time for the fulfillment of the contract arrived, some particular specified thing continued to exist, so that when entering into the contract they must have contemplated such continued existence as the foundation of what was to be done, then, in the absence of any express or implied warranty that a thing shall exist, the contract is not to be construed as a positive contract, but as subject to an implied condition that the party shall be excused, in case before breach the contract becomes impossible of performance from the perishing of the thing without the default of the contractor." And Justice Swayze, in the case of *Perlee* v. *Jeffcott,* 89 *N. J. L.* 34, says that the true rule in cases of this kind is laid down by Mr.

Justice Blackburn in *Taylor* v. *Caldwell,* 3 *B. & S.* 826, namely, that "In contracts in which the performance depends on the continued existence of a given person or thing, a condition is implied that the impossibility of performance arising from the perishing of the person or thing" (without the fault of the person against whom the contract is sought to be enforced), "shall excuse the performance."

In our opinion, the present case comes within the exception to the general rule stated in the Middlesex Water Co. case, and is controlled by the decision in *Perlee* v. *Jeffcott, supra.*

The rule to show cause will be made absolute.